Michael S. RUDMAN, M.D., Petitioner

v.

Michael O. LEAVITT, Secretary, U.S. Dept. of Health and Human Servs., Respondent.

Civil No. AMD 08–1454.

United States District Court, D. Maryland.

Sept. 26, 2008.

Conrad W. Varner, Varner and Goundry P.C., Frederick, MD, for Petitioner.

Allen F. Loucks, Office of the United States Attorney, Baltimore, MD, for Respondent.

## MEMORANDUM OPINION

ANDRE M. DAVIS, District Judge.

Petitioner, Dr. Michael S. Rudman, seeks judicial review of an order of the Secretary of Health and Human Services. The order disqualified petitioner from participation in federal health care programs for five years. *See* 42 C.F.R. § 1005.21(k)(1) (2000). The Secretary acted pursuant to a provision of the Social Security Act that excludes individuals with convictions relating to the abuse of patients in connection with the delivery of health care. *See* 42 U.S.C. § 1320a–7(a)(2) (2000). The matter is before the court on the Secretary's motion to dismiss or for summary judgment. A hearing is unnecessary. For the reasons stated below, the motion shall be granted and the order affirmed.

### I.

Title 42 U.S.C. § 1320a–7(a)(2) requires the Secretary of Health and Human Services to exclude from federal health care programs any individual who "has been convicted, under Federal or State law, of a criminal offense relating to neglect or abuse of patients in connection with the delivery of a health care item or service." The statute provides as follows in relevant part:

> CONVICTED DEFINED.—For purposes of subsections (a) and (b), an individual or entity is considered to have been "convicted" of a criminal offense—
>
> (1) when a judgment of conviction has been entered against the individual or entity by a Federal, State, or local court, regardless of whether there is an appeal pending or whether the judgment of conviction or other record relating to criminal conduct has been expunged;
>
> (2) when there has been a finding of guilty against the individual or entity by a Federal, State, or local court;
>
> *(3) when a plea of guilty or nolo contendere by the individual or entity has been accepted by a Federal, State, or local court; or*
>
> *(4) when the individual or entity has entered into participation in a first offender, deferred adjudication, or other arrangement or program where judgment of conviction has been withheld.*

42 U.S.C. § 1320a–7(i) (2000) (emphasis added). The mandatory minimum period of exclusion for an individual is five years under this provision. 42 U.S.C. § 1320a–7(c)(3)(B) (2000).

### II.

#### A.

In January 2006, the State of Maryland charged Rudman with three counts of second degree assault and three counts of sexual offense in the fourth degree. (R. at 237–238). The application for charges alleged that Rudman engaged in "unwanted sexual contact with two patients during

medical treatment." (R. at 239). Six months later, on August 16, 2006, Rudman entered a guilty plea, pursuant to *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to a single count of second degree assault (R. at 275–276) and the State dropped the remaining counts. (R. at 281).

During his plea colloquy, Rudman acknowledged that he was knowingly and voluntarily pleading guilty to the assault charges:

> THE COURT: Do you understand you're entering a plea of guilty—an Alfred [sic] plea of guilty, but a plea of guilty nevertheless, to Count One, second degree assault?
> THE WITNESS: Yes.
>
> . . . .
>
> THE COURT: And do you understand that this is a plea of guilty, but a special type of plea of guilty known as an Alfred plea. Do you understand that?
> THE WITNESS: Yes, sir.
>
> . . . .
>
> THE COURT: Do you wish to plead guilty, an Alfred [sic] plea of guilty, but a plea of guilty nevertheless, to Count One, second degree assault?
> THE WITNESS: Yes, Your Honor.

(R. at 256, 262, 272). After accepting Rudman's guilty plea, the court sentenced Rudman to probation under Maryland's probation before judgment statute, which authorized the court to impose a sentence of probation and to withhold the judgment of conviction pending completion of the sentence. (R. at 280). *See* MD.CODE ANN., CRIM. PROC. § 6–220 (2001) ("When a defendant pleads guilty or nolo contendere or is found guilty of an offense, a court may stay the entering of judgment, defer further proceedings, and place the person on probation subject to reasonable terms and conditions[.]"). Under the statute, when a defendant fulfills the conditions of proba-

tion, the court "discharges" him from probation. § 6–220(g)(1).

### B.

On July 31, 2007, the HHS Inspector General notified Rudman that he was being excluded from participating in federal health care programs for five years based on his guilty plea in the state court. (R. at 18). Rudman appealed that determination on September 13, 2007 (R. at 17), and an Administrative Law Judge ("ALJ") affirmed. The ALJ found: (1) Rudman was convicted based on the statutory definitions of 42 U.S.C. § 1320a–7(i)(3) and (i)(4); (2) that the conviction was for a criminal offense "relating to neglect or abuse of patients in connection with the delivery of a health care item or service," (R. at 147); and (3) that the length of the exclusion was "reasonable as a matter of law" because it was the mandatory minimum under the statute. (R. at 150). Rudman appealed to the Departmental Appeals Board of the Department of Health and Human Services, which affirmed the ALJ's decision on April 16, 2008.

### III.

### A.

The standard of review in cases of this sort asks: (1) whether the Secretary's decision is supported by substantial evidence and (2) whether the Secretary applied the correct law. 42 U.S.C. § 405(g) (2000). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The court does not weigh evidence or assess the credibility of witnesses as the Secretary (or his designee), not the courts, has ultimate responsibility for making findings of fact and resolving conflicts in the evi-

dence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir.1990).

### B.

The Secretary is required to exclude Rudman from participating in federal health care programs for five years if Rudman has a conviction that "relat[es] to neglect or abuse of patients in connection with the delivery of a health care item or service." 42 U.S.C. § 1320a–7(a)(2). Thus, this court must determine whether the Secretary correctly applied the law in deciding that Rudman's actions qualified as a conviction under § 1320a–7(i)(3) or (i)(4) and whether the Secretary's decision that Rudman's conviction "related to patient abuse" was supported by substantial evidence. Manifestly, the Secretary has applied the law properly here, and has done so on the basis of substantial evidence.

### 1.

The ALJ correctly held that Rudman was convicted under § 1320a–7(i)(3) because Rudman plead guilty to one count of second degree assault, and the court accepted his plea. As Rudman clearly understood, an *Alford* plea is a *guilty* plea; the court personally questioned Rudman while he was under oath and determined that he understood the charges and potential consequences of his plea. The court ensured that Rudman's plea was voluntary and informed. Further, the court also established the factual basis for his plea. (R. at 256–272). Accordingly, the court accepted Rudman's plea as required by Section 1320a–7(i)(3).

### 2.

The ALJ also correctly applied the law in concluding that Rudman was convicted under § 1320a–7(i)(4) because Rudman entered into a deferred adjudication arrangement whereby judgment of conviction was withheld. (R. at 147). Section 1320a–7(i)(4) defines *conviction* to include circumstances in which "the individual or entity has entered into participation in a ... program where judgment of conviction has been withheld." Here, the court granted Rudman probation before judgment pursuant to section 6–220 of the Maryland Code of Criminal Procedure. Thus, Rudman entered into an arrangement wherein his conviction would be expunged after successful completion of probation. The court warned Rudman that if he violated probation, he could be sentenced to as much as ten years in prison and a fine of $2500. (R. at 281). As the ALJ stated, it is abundantly clear that Rudman entered into a deferred adjudication arrangement based on the plain language of the statute.

Contrary to Rudman's assertion, the mere fact that, under Maryland law, Rudman's record could be expunged after three years if he successfully completes the term of probation does not erase the fact that Rudman entered into a "program where judgment of conviction has been withheld." The material inquiry is whether § 1320a–7(i)(4) treats Rudman's guilty plea as a conviction, not how state law may treat his guilty plea in the future.

### 3.

Finally, the ALJ's factual determination that Rudman's conviction is related "to neglect or abuse of patients in connection with the delivery of a health care item or service" is supported by substantial evidence. Rudman plead guilty to a second degree assault charge based on evidence that he assaulted a patient during the course of medical treatment. (R. at 240–244). Further, the ALJ's decision that assault constitutes abuse is a correct application of the law. The agency has long-held that assault committed during the course of a medical examination provided pursuant to a doctor-patient relationship constitutes abuse of a patient in connection with health care delivery. *Sushil Gupta,*

*M.D.,* D.A.B. CR1561 (2007); *William B. Barham, M.D.,* D.A.B. CR432 (1996). Rudman's assertion that the acts underlying his conviction did not involve "moral turpitude," a criterion employed by the Maryland Board of Physicians in licensing determinations and in physician disciplinary proceedings, *see* MD.CODE ANN. HEALTH OCC. § 14–404(b) (2001), is quite beside the point here.

### IV.

For the reasons set forth, the motion to dismiss or for summary judgment shall be granted and the order under review affirmed.